# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR241 |
| vs. | |
| SHERMAN JOHNSON, | ORDER |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Leave to Request Discovery and Expansion of the Record requesting leave from the Court for discovery to aid in preparing motion pursuant to 28 U.S.C. § 2255. (Filing No. 231). A jury convicted Defendant of possession of a mixture or substance containing cocaine with intent to distribute and conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine on May 14, 2018. (Filing No. 140). On September 4, 2018, Defendant filed a notice of appeal with the Eighth Circuit Court of Appeals. (Filing No. 170). The Eighth Circuit affirmed his conviction on April 2, 2020. (Filing No. 203). Defendant then filed a petition for writ of certiorari November 13, 2020, with the U.S. Supreme Court. (Filing No. 209). That petition was denied on April 20, 2021. (Filing No. 214). The only matter currently pending before the Court is Defendant's Motion for Leave to Request Discovery and Expansion of the Record. (Filing No. 231). Defendant has no other motions pending before the Court and has not yet filed a motion under § 2255.

Under Rule 6 Governing Section 2255 Proceedings for the United States District Courts ("Rule 6"):

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

"A petitioner seeking postconviction relief is not entitled to discovery as a matter of ordinary course." *United States v. Bailey*, No. 4:12-CR-3034, 2015 WL 9048573, at *1 (D. Neb. Dec. 16,

2

2015)(citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). "A habeas petitioner may only be allowed discovery to the extent that the Court, in the exercise of its discretion and for good cause shown, grants leave to conduct it." *Id.* For Defendant to show good cause to be granted leave to conduct discovery, he must first file a motion under § 2255. See *United States v. Losing*, 601 F.2d 351, 352 (8th Cir. 1979); *United States v. Barnett*, 389 Fed. Appx. 575, 575 (8th Cir. 2010); *United States v. Bailey*, No. 4:12-CR-3034, 2015 WL 9048573, at *1 (D. Neb. Dec. 16, 2015)(finding the defendant did not show good cause for postconviction discovery without first filing a motion under § 2255). Defendant has not filed any motion under § 2255 and therefore his discovery request is unwarranted. Accordingly,

**IT IS ORDERED:** Defendant's Motion for Leave to Request Discovery and Expansion of the Record (Filing No. 231) is denied.

Dated this 7th day of February, 2022.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge