IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR241 |
| v. | |
| SHERMAN JOHNSON JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on pro se defendant Sherman Johnson Jr.'s ("Johnson") Motion to Vacate, Set Aside, or Correct a Sentence under 18 U.S.C. § 2255 by a Person in Federal Custody (Filing No. 235). The Court has reviewed the record in this case and concludes the motion should be denied. Because the record conclusively demonstrates Johnson is not entitled to relief, no evidentiary hearing is necessary. 28 U.S.C. § 2255(b). Johnson also filed a Motion for Leave to File Oversized Memorandum of Law (Filing No. 236), which is granted.

I. BACKGROUND

On April 16, 2016, Johnson and Sarkis Labachyan ("Labachyan") were driving a minivan in eastern Nebraska. When Sergeant Jason Mayo ("Sergeant Mayo") conducted a traffic stop of the minivan, he smelled marijuana and subsequently searched the vehicle. He found three envelopes with Spanish names written on them. Together, the three envelopes contained a total of $19,000. Johnson maintains there was only one envelope that contained $19,000 and no name was written on it. Sergeant Mayo, however, did not arrest Johnson or Labachyan, nor did he seize the cash. They were free to go on their way.

On June 21, 2016, Johnson and Labachyan were again traveling together through Nebraska. Douglas County Sheriff Deputy Eric Olson ("Deputy Olson") conducted a traffic stop of the vehicle driven by Labachyan near Omaha, Nebraska. Johnson was riding

in the passenger seat. Deputy Olson asked Labachyan and Johnson a few questions regarding their travels, but the two men told inconsistent stories. Growing suspicious, Deputy Olson conducted a records check. He discovered the vehicle was a rental car and the same two men were previously stopped in Nebraska two months prior with approximately $19,000 in the vehicle. Deputy Olson asked for and received Johnson's consent to search the vehicle and found approximately 6,000 grams of cocaine in the spare tire. Both Johnson and Labachyan were arrested.

On May 14, 2018, after a 5-day jury trial, a jury found Johnson and Labachyan guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. After trial, Johnson was sentenced to 240 months on each count, to be served concurrently. Johnson appealed, asserting this Court erred by failing to suppress certain incriminating statements and arguing the evidence adduced at trial was insufficient to support his conviction. The Eighth Circuit affirmed his conviction on April 2, 2020. *See United States v. Johnson*, 954 F.3d 1106, 1110 (8th Cir. 2020). On April 19, 2021, the Supreme Court denied Johnson's petition for writ of certiorari. *See Johnson v. United States*, 141 S. Ct. 2524 (April 19, 2021).

### A. Standard of Review

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the Court must complete a preliminary review of a defendant's § 2255 motion. If "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," then the Court shall summarily dismiss those claims. *Id.* "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

A § 2255 motion will not provide a remedy for "all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Relief is limited to those cases in which "the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 18 U.S.C. § 2255(a). "The movant bears the burden of showing that he is entitled to relief under § 2255." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

### B. Claims of Ineffective Assistance of Counsel

Johnson raises three claims of ineffective assistance of counsel and cites many specific "shortcomings" that he argues justify relief. "A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on his claims, Johnson must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining the Court will consider counsel's performance deficient if they "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").

#### 1. Failure of Trial Counsel to Investigate or Prepare a Defense

Johnson asserts his trial counsel was ineffective because he failed to investigate and otherwise prepare a defense for trial. More specifically, Johnson argues his trial counsel failed to (1) request certain photographs taken at the scene of the June 2016 arrest, (2) investigate the records from the April 2016 traffic stop, and (3) obtain the body camera footage from the April 2016 traffic stop. Johnson argues his counsel's lack of investigation into these matters was objectively deficient and he was prejudiced because his counsel could have discovered impeachment evidence to use at trial.

Johnson first argues if his counsel had requested the missing photographs from the April 2016 traffic stop, "counsel would have realized that the photographs in his possession did not document or show any adult size diapers." He believes the additional photographs that also lacked a showing of adult diapers would have allowed his counsel to more thoroughly cross-examine the officer at trial. But his counsel's performance on this matter was not deficient, and even if it were, Johnson does not show prejudice. His counsel did obtain approximately 100 photographs from the June 2016 traffic stop and arrest, and there is no indication those additional photos would have been anything more than cumulative evidence.

Next, Johnson argues his counsel failed to investigate "material records" from the April 2016 traffic stop, and more specifically, the body-camera footage from that stop. The body-camera footage from the April 2016 traffic stop was "purged after 60 days" in accordance with local law-enforcement policy at that time,[1] which was before Johnson obtained counsel. Johnson nevertheless argues his counsel should have requested "a forensic examination" to preserve that footage for trial. Johnson believes such footage and other documentation would have shown the $19,000 he carried was in one envelope, not three. Failing to request evidence that no longer existed was objectively unreasonable. *See Allen v. United States*, 829 F.3d 965, 967 (8th Cir. 2016) (explaining it is the movant's burden to show counsel's performance was "professionally unreasonable"). Johnson's counsel also cross-examined Sergeant Mayo at trial about the April 2016 traffic stop and the envelopes. It is not clear that Johnson's counsel's performance was deficient, but under these circumstances, there was no prejudice given the strong evidence of guilt.

---

[1]Johnson argues the body camera footage should have been kept for ninety days, as required by Nebraska law. While the legislative bill cited by Johnson, Neb. LB 1000 (2016), was approved by the Governor on April 13, 2016—three days before Johnson's first traffic stop—it did not go into effect until July 21, 2016. *See* Neb. Rev. Stat. § 81-1454.

Johnson's other arguments generally relate to his belief that his trial counsel's performance was deficient. For instance, Johnson believes his counsel's cross-examinations were not effective, that he failed to object in certain instances, and did not present certain evidence on behalf of Johnson's defense. But the bulk of his complaint relates to strategy decisions, and in ruling on a § 2255 motion, the Court "presume[s] attorneys provided effective assistance, and will not second-guess strategic decisions or exploit the benefits of hindsight." *Payne v. United States*, 78 F.3d 343, 345 (8th Cir. 1996); *see also Strickland*, 466 U.S. at 690 (noting that reasonable strategic decisions are "virtually unchallengeable"). On this record, Johnson has not met his heavy burden of showing his counsel committed any serious or unprofessional errors that affected the outcome of his case. *See Walker*, 900 F.3d at 1015.

## 2. Failure To Explain the Sentencing Guidelines

In Johnson's second ineffective-assistance of counsel claim, he argues his attorney failed to explain the sentence he faced. Johnson states he was not advised "of [21 U.S.C.] § 851 and its devastating effects." Second 851 requires the United States attorney to file "an information with the court . . . stating in writing the previous convictions to be relied upon" to increase a person's sentence if they have one or more prior convictions.

The Court understands Johnson to say he was not aware his prior criminal convictions would have an impact on his sentence, increasing the mandatory-minimum sentence from not "less than 10 years" to "not less than 20 years." *See* 21 U.S.C. § 841(b)(1)(A) (amended December 21, 2018). Johnson argues "[h]ad that explanation existed, even in the most basic terms, Johnson would have provided a straight plea," and "a trial would have been avoided."

Even accepting that as true, Johnson cannot show he was prejudiced by his counsel's alleged failure. Johnson continuously maintained his innocence, and there is no indication Johnson would have taken a plea instead of proceeding to trial. The record in this case, specifically the transcript from Johnson's sentencing hearing (Filing No. 191), reflects that

"no formal plea agreements [] were ever offered to Mr. Johnson prior to trial in this case." *See Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) ("'There is no constitutional right to plea bargain.'" (quoting *United States v. Gonzales*, 65 F.3d 814, 823 (10th Cir. 1995))).

### 3. Motion to Suppress

Johnson's third ineffective-assistance claim is that his trial counsel "failed to argue during the motion to suppress hearing . . . that the scope of the traffic stop exceeded what was necessary to address the traffic infraction." Failing "to file a meritorious motion to suppress can constitute ineffective assistance of counsel if it resulted in prejudice." *Eastin v. Hobbs*, 688 F.3d 911, 915 (8th Cir. 2012). Johnson's counsel, however, did raise that issue in his Motion to Suppress with this Court (Filing No. 42), and the Court issued a thorough Memorandum and Order (Filing No. 63) finding the extension of the traffic stop was lawful. Accordingly, Johnson has not shown his counsel's performance in this regard was deficient. *See Strickland*, 466 U.S. at 694 (explaining the movant has the burden to show but for the claimed ineffective assistance of counsel, "the result of the proceeding would have been different").

## C. Prosecutorial Misconduct

Johnson next asserts a claim for prosecutorial misconduct. He states "the Government unlawfully withheld law enforcement records" in violation of the Fifth Amendment Due Process Clause and *Brady v. Maryland*, 373 U.S. 83 (1963). Johnson did not raise this issue on appeal. "Because habeas relief is an extraordinary remedy which 'will not be allowed to do service for an appeal,' significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). That is, "a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *Id*. Johnson does not explain or allege any reason (apart from his ineffective-assistance of counsel claim discussed above) why he did not

raise this issue on direct appeal. Nor has he provided any facts to demonstrate he is factually innocent. *See United States v. Bailey*, 235 F.3d 1069, 1072 (8th Cir. 2000) ("In order to establish a valid claim of actual factual innocence, the defendant[] 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [him].'" (quoting *Hohn v. United States*, 193 F.3d 921, 923-24 (8th Cir. 1999))).

### D. Certificate of Appealability

The Court will not issue Johnson a certificate of appealability. A Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the applicant to "demonstrate[] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). He has not made such a showing. Accordingly,

IT IS ORDERED:

1. Sherman Johnson Jr.'s pro se Motion to Vacate, Set Aside, or Correct a Sentence under 18 U.S.C. § 2255 by a Person in Federal Custody (Filing No. 235) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Johnson at his address of record.
5. Johnson's Motion for Leave to File Oversized Memorandum of Law (Filing No. 236) is granted.

Dated this 3rd day of June 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge