IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR241 |
| v. | |
| SHERMAN JOHNSON, JR., | ORDER |
| Defendant. | |

This matter is before the Court on Sherman Johnson, Jr.'s ("Johnson"), *pro se* "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 836 § 2D1.1(e)(2)(B), and § 3B1.2(a) to the United States Sentencing Guidelines" (Filing No. 251) and Johnson's separate "Motion for Appointment of Counsel" (Filing No. 252).

The Eighth Circuit has held that there is no constitutional or statutory right to counsel in proceedings under 18 U.S.C. § 3582(c). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) ("[W]e agree with the six circuits that have held that there is no right to appointed counsel in sentence modification proceedings under § 3582(c)."). Thus, appointing counsel in these cases is a matter of this Court's discretion. *See id.*; *United States v. Webb*, 565 F.3d 789, 795 n.4 (11th Cir. 2009).

In exercising that discretion, the Court must decide whether appointing counsel will serve the interests of justice, benefit the Court and the parties, and effectively use limited judicial and public resources. *See Webb*, 565 F.3d at 795 n.4; *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

Johnson argues here that the appointment of counsel would assist him in filing a motion for sentence reduction pursuant to § 3582(c). But he has already filed an 18-page motion for sentence reduction under § 3582(c) (Filing No. 251). Given these

circumstances, the Court concludes the interests of justice do not require the appointment of counsel. Johnson's request (Filing No. 252) will be denied.

Turning to the merits of the Motion for Sentence Reduction, Johnson seeks relief under 18 U.S.C. § 3582(c)(2) which provides in part that relief may be available "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Here, Johnson's sentencing range has not been lowered. Rather, Johnson points to U.S.S.G. Amendment 833 affecting § 2D1.1(e)(2)(B) and § 3B1.2(a). Those sections now provide further guidance on the circumstances in which a so-called role reduction should be considered. Those changes are not a lowering of the guideline range, and importantly they are not retroactive in their effect. *See* U.S.S.G. § 1B1.10(d). Johnson's Motion for Sentence Reduction will be denied.

Based on the foregoing:

1. Johnson's Motion for relief under 18 U.S.C. § 3582(c)(2) (Filing No. 251) is denied.

2. Johnson's Motion for Appointment of Counsel (Filing No. 252) is denied.

IT IS SO ORDERED.

Dated this 14th day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge